IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

<table>
<tr><td>

JACLYN CABALES and JONATHAN CABALES,

Plaintiffs,

v.

ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C.,

Defendants.

</td><td>

FILED IN THE TRIAL COURTS
STATE OF ALASKA
BETHEL SERVICE AREA

APR 8 – 2013

By 
DEPUTY CLERK

</td></tr>
</table>

Case No.: 4BE-13-00082 CIV

**REQUEST FOR APPOINTMENT OF AN**
**EXPERT ADVISORY PANEL AND DESIGNATION OF SPECIALTY**

Defendant Christopher F. Twiford, D.C., by and through counsel of record, Call, Hanson & Kell, P.C., hereby requests, pursuant to Alaska R. Civ. P. 72.1(a) and AS 09.55.536, that this court appoint an expert advisory panel to evaluate the alleged claim of negligence asserted against it.

Defendant Christopher F. Twiford, D.C. was at all times pertinent to the allegations contained in plaintiff's complaint a licensed chiropractor under the laws of the State of Alaska providing health care services to its patients and as such, requests that doctors of chiropractic medicine be

CALL, HANSON & KELL, P.C.
413 G Street
Anchorage, Alaska 99501-2126
Phone (907) 258-8864 • Fax (907) 258-8865

Case 3:14-cv-00161-JWS   Document 12-9   Filed 07/29/14   Page 1 of 32

Exhibit I
1 of 32

appointed to serve on the Expert Advisory Panel convened in this action.

DATED at Anchorage, Alaska, this 2ν day of April, 2013.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant Christopher
F. Twiford, D.C.

By: _Michael J Hanson_
Michael J. Hanson
ABA No.: 8611115

**CERTIFICATE OF SERVICE**
I hereby certify that a true and
correct copy of the foregoing was
☐ faxed ☐ hand delivered and/or
☒ mailed this 2nd day of April,
2013 to:

Myron Angstman
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

CALL, HANSON & KELL, P.C.
413 G Street
Anchorage, Alaska 99501-2126
Phone (907) 258-8864 • Fax (907) 258-8865

REQUEST FOR APPOINTMENT OF AN EXPERT ADVISORY PANEL AND DESIGNATION OF
SPECIALTY
*Cabales v. Morgan, Arctic Chiro, and Twiford*, 4BE-13-00082 CIV
Page 2 of 2

**Exhibit I**

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACLYN CABALES and JONATHAN
CABALES,

              Plaintiffs,

v.

ALBERT E. MORGAN, D.C., ARCTIC
CHIROPRACTIC BETHEL, LLC, and
CHRISTOPHER F. TWIFORD, D.C.,

              Defendants.

FILED IN THE ~~~~ ~~~~
STATE OF ALASKA
BETHEL SERVICE AREA

APR 3 – 2013

By _____
DEPUTY CLERK

Case No.: 4BE-13-00082 CIV

CALL, HANSON & KELL, P.C.
413 G Street
Anchorage, Alaska 99501-2126
Phone (907) 258-8864 • Fax (907) 258-8865

## MOTION FOR ISSUANCE OF ORDER ESTABLISHING EXPERT ADVISORY PANEL PROCESS

      COMES now defendant Christopher F. Twiford, D.C. and hereby moves the court for an order establishing an expert advisory panel in the above-referenced matter. This motion is supported by the accompanying memorandum of law.

      DATED at Anchorage, Alaska, this 2ᵗʰ day of April, 2013.

              CALL, HANSON & KELL, P.C.
              Attorneys for Defendant Christopher
              F. Twiford, D.C.

      By: _Michael J Hanson_____
            Michael J Hanson
            ABA No.: 8611115

**CERTIFICATE OF SERVICE**
I hereby certify that a true and
correct copy of the foregoing was
☐ faxed ☐ hand delivered and/or
☒ mailed this 2ⁿᵈ day of April,
2013 to:

MOTION FOR ISSUANCE OF ORDER ESTABLISHIN EXPERT ADVISORY PANEL PROCESS
*Cabales v. Morgan, Arctic Chiro, and Twiford*, 4BE-13-00082 CIV
Page 1 of 2

Myron Angstman
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

*[signature]*

CALL, HANSON & KELL, P.C.
413 G Street
Anchorage, Alaska 99501-2126
Phone (907) 258-8864 • Fax (907) 258-8865

MOTION FOR ISSUANCE OF ORDER ESTABLISHIN EXPERT ADVISORY PANEL PROCESS
*Cabales v. Morgan, Arctic Chiro, and Twiford*, 4BE-13-00082 CIV
Page 2 of 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

JACLYN CABALES and JONATHAN
CABALES,

            Plaintiffs,

v.

ALBERT E. MORGAN, D.C., ARCTIC
CHIROPRACTIC BETHEL, LLC, and
CHRISTOPHER F. TWIFORD, D.C.,

            Defendants.

Case No.: 4BE-13-00082 CIV

CALL, HANSON & KELL, P.C.
413 G Street
Anchorage, Alaska 99501-2126
Phone (907) 258-8864 • Fax (907) 258-8865

## MEMORANDUM IN SUPPORT OF REQUEST FOR APPOINTMENT OF AN EXPERT ADVISORY PANEL AND DESIGNATION OF SPECIALTY AND MOTION FOR ISSUANCE OF ORDER ESTABLISHING EXPERT ADVISORY PANEL PROCESS

Plaintiffs' complaint states a cause of action against various defendants, some of whom are chiropractors, for malpractice. When Defendant Twiford filed an answer in this case on March 26, 2013, it stated the following as its fourth affirmative defense: "Plaintiff's claim is subject to A.S. 09.55.536 and defendant request a chiropractic review of plaintiff's claims prior to discovery." There has been no motion practice on the subject, but it is now time for that defense to be addressed as to Defendant Twiford, which is the purpose of defendant's pending Request for Appointment for Expert Advisory Panel and Designation of Specialty and Motion for Issuance of Order Establishing Expert Advisory Panel Process. Another defendant, Dr. Morgan, is also a chiropractor, but to the best of the

MEMORANDUM IN SUPPORT OF REQUEST FOR APPOINTMENT OF AN EXPERT
ADVISORY PANEL AND DESIGNATION OF SPECIALTY AND MOTION FOR ISSUANCE OF
ORDER ESTABLISHING EXPERT ADVISORY PANEL PROCESS
*Cabales v. Morgan, Arctic Chiro, and Twiford*, 4BE-13-00082 CIV
Page 1 of 6

Exhibit I
5 of 32

Case 3:14-cv-00161-JWS   Document 12-9   Filed 07/29/14   Page 5 of 32

undersigned's knowledge he has not been served yet. Whether he or the plaintiffs move for an advisory panel regarding claims made against him is between those parties.

The statutes governing malpractice actions against health care providers are at AS 09.55.530 through AS 09.55.560. AS 09.55.536 addresses the use of expert advisory panels in such actions. Of particular interest for the purposes of this case is AS 09.55.536(a) that reads as follows:

> In an action for damages due to personal injury or death based upon the provision of professional services by a health care provider, including a person providing services on behalf of a governmental entity, when the parties have not agreed to arbitration of the claim under AS 09.55.535, the court shall appoint within 20 days after filing of answer to a summons and complaint a three-person expert advisory panel unless the court decides that an expert advisory opinion is not necessary for a decision in the case. When the action is filed, the court shall, by order, determine the professions or specialties to be represented on the expert advisory panel, giving the parties the opportunity to object or make suggestions.

The statute contains one notably impractical provision, i.e., the suggestion that the court appoint the panel solely on its own initiative. The Alaska Supreme Court has remedied that problem by adoption of Alaska Civil Rule (ARCP) 72.1, Expert Advisory Panels in Health Care provider Malpractice Actions that reads, in relevant part, as follows:

> After the case is at issue and a party has requested the appointment of an expert advisory panel (or the court has raised the issue), the court shall nominate a three personal panel and notify the parties of the names, professions and

MEMORANDUM IN SUPPORT OF REQUEST FOR APPOINTMENT OF AN EXPERT ADVISORY PANEL AND DESIGNATION OF SPECIALTY AND MOTION FOR ISSUANCE OF ORDER ESTABLISHING EXPERT ADVISORY PANEL PROCESS
*Cabales v. Morgan, Arctic Chiro, and Twiford*, 4BE-13-00082 CIV
Page 2 of 6

specialties of the persons so nominated. The court may initially nominate alternate panel members if it believes nominees may be disqualified. Within 10 days after service of this notice, either party may move to disqualify a nominee, citing the reasons for the motion. The other party may submit an opposition within five days after service of the motion for disqualification. No reply may be filed.

ARCP 72.1(b)1. According to the above-cited authorities, defendant's request should be granted and an expert advisory panel appointed.

Although the authorities obviously require the nomination of panel members and address the operation of the panel after appointment, they fail to offer a detailed process for the nomination and appointment process, which deficiency is almost certain to be problematical in Alaska. Alaska is, of course, a small state in terms of population and has a limited pool of chiropractors, the obvious choice for members of the panel in a case, like this, where chiropractic malpractice is at issue. Hence, a variety of problems may arise using what is essentially a blind procedure, such as a chiropractor may have an actual or potential conflict because of a prior relationship with the plaintiff or a counsel of record; however, counsel for the parties may have no reason to know of such potential and a subsequently discovered conflict could derail the advisory panel in mid-process or, even worse and more disruptive, create major issues regarding the validity of the panel's decision if the conflict is discovered after it has reached a decision. Other potential problems without an elaboration of the procedure provided for by rule include a chiropractor, not fully informed on

MEMORANDUM IN SUPPORT OF REQUEST FOR APPOINTMENT OF AN EXPERT ADVISORY PANEL AND DESIGNATION OF SPECIALTY AND MOTION FOR ISSUANCE OF ORDER ESTABLISHING EXPERT ADVISORY PANEL PROCESS
*Cabales v. Morgan, Arctic Chiro, and Twiford*, 4BE-13-00082 CIV
Page 3 of 6

CALL, HANSON & KELL, P.C.
413 G Street
Anchorage, Alaska 99501-2126
Phone (907) 258-8864 • Fax (907) 258-8865

the limitations on compensation to members of advisory panels, deciding he or she was not available to be on a panel upon learning of those limitations; chiropractors unable to serve because of planned leave of absence; etc. Probably because of these problems, the court system developed several forms, copies of which are attached as Exhibit A, to use in expert advisory cases in health care malpractice cases. They are the following:

1.     Request for Nominees to Serve Expert Advisory Panel directed toward the professional association of the health provider defendant with a request that the association nominate six nominees (three members and three alternates) after completion of a confidential screening form, also developed by the court system, to root out potential conflicts of the kind discussed above (form to go to Dr. Barrington at 3823 Spenard Road, Anchorage, AK 99517; see footnote below);

2.     Confidential Screening to go to the Professional Association/Dr. Barrington with the above Request;

3.     Notice of Nominations to Expert Advisory Panel'

4.     Order for Exchange of Documents and Filing of Lists and Notices;

5.     Notice of Panel Members and Alternates;

6.     Order of Appointment of Expert Advisory Panel which includes a fairly comprehensive explanation of the procedure, copies of the relevant statutes and rules, the complaint and answer, Order Directing Parties to

CALL, HANSON & KELL, P.C.
413 G Street
Anchorage, Alaska 99501-2126
Phone (907) 258-8864 • Fax (907) 258-8865

MEMORANDUM IN SUPPORT OF REQUEST FOR APPOINTMENT OF AN EXPERT ADVISORY PANEL AND DESIGNATION OF SPECIALTY AND MOTION FOR ISSUANCE OF ORDER ESTABLISHING EXPERT ADVISORY PANEL PROCESS
*Cabales v. Morgan, Arctic Chiro, and Twiford*, 4BE-13-00082 CIV
Page 4 of 6

Exhibit I
8 of 32

Serve Panel, Report Form, and a Statement for Reimbursement of Expert Advisory Panel Member, also developed by the court system.

   7.    Order Directing Parties to Serve Panel with Copies of Medical Records, Reports, Literature, and Notices; and

   8.    Notice of Filing of Expert Advisory Panel Report(s)[1].

The preceding forms comply with the statutory scheme for advisory panels set out in AS 09.55.536 and ARCP 72.1.  Because of such compliance and because the forms are designed to lead this case through the requisite advisory panel process in a practical and relatively expeditious way, entry of the requested order providing for their use is appropriate.

**CALL, HANSON & KELL, P.C.**
413 G Street
Anchorage, Alaska 99501-2126
Phone (907) 258-8864 • Fax (907) 258-8865

---

[1] The information in this brief on the forms and their use is based on information obtained by the undersigned through discussion with other attorneys representing doctors.  It appears that these forms are developed by the court system for use in cases of medical malpractice although they are not now actively used in such cases because the Alaska Medical Association does not cooperate in the nomination and appointment process. However, the Alaska Chiropractic Association does continue to have an appointment process.  However, the Alaska Chiropractic Association does continue to have a system, including a committee chaired by Dr. Edward J. Barrington, to cooperate in this process. These particular forms were used previously by the Superior Court in Anchorage in *Totten v. Como*, 3AN-98-5372; *Dunn v. Emerson*, 3AN-96-09083; *Mohr v. Blommer,* 3AN-03-3376; *Sterling v. Endsley d/b/a Soldotna Chiropractic*, 3KN-11-00877 CIV; *Vander-Vegt et al. v. Progressive Chiropractic and Progressive, Inc.*, 3PA-10-02776 CIV; and *Tserlentakis v. Bilan* 3AN-12-8233 CIV all cases involving alleged chiropractic malpractice.  The court files also show that Dr. Barrington also acted as the coordinator with the court system in the appointment of an expert advisory panel in that last case and, hence, is familiar with the process.

MEMORANDUM IN SUPPORT OF REQUEST FOR APPOINTMENT OF AN EXPERT ADVISORY PANEL AND DESIGNATION OF SPECIALTY AND MOTION FOR ISSUANCE OF ORDER ESTABLISHING EXPERT ADVISORY PANEL PROCESS
*Cabales v. Morgan, Arctic Chiro, and Twiford*, 4BE-13-00082 CIV
Page 5 of -5

**Exhibit I**
9 of 32

DATED at Anchorage, Alaska, this 2nd day of April, 2013.

CALL, HANSON & KELL, P.C.
Attorneys for Defendant Christopher
F. Twiford, D.C.

By: _Michael J Hanson_____
     Michael J Hanson
     ABA No.: 8611115

**CERTIFICATE OF SERVICE**
I hereby certify that a true and
correct copy of the foregoing was
☐ faxed ☐ hand delivered and/or
☒ mailed this 2nd day of April,
2013 to:

Myron Angstman
Angstman Law Office
P.O. Box 585
Bethel, AK 99559

CALL, HANSON & KELL, P.C.
413 G Street
Anchorage, Alaska 99501-2126
Phone (907) 258-8864 • Fax (907) 258-8865

MEMORANDUM IN SUPPORT OF REQUEST FOR APPOINTMENT OF AN EXPERT
ADVISORY PANEL AND DESIGNATION OF SPECIALTY AND MOTION FOR ISSUANCE OF
ORDER ESTABLISHING EXPERT ADVISORY PANEL PROCESS
*Cabales v. Morgan, Arctic Chiro, and Twiford*, 4BE-13-00082 CIV
Page 6 of 6



IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACLYN CABALES and JONATHAN CABALES,<br><br>                    Plaintiffs,<br><br>v.<br><br>ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C.,<br><br>                  Defendants. | REQUEST FOR NOMINEES TO SERVE EXPERT ADVISORY PANEL<br><br>TO: Professional Association<br><br>SEE: Alaska Statute 09.55.536<br><br><br><br>Case No.: 4BE-13-00082 CIV |

      Please provide nominees to serve on an expert advisory panel in the above-captioned action. To assist you, we are enclosing a copy of the complaint, answer(s), any statement(s) of specialty filed by the parties, and one confidential screening form. You should make a copy of the confidential screening form and a copy of the complaint available to each prospective nominee, instructing the nominee to complete the form and return it to YOUR attention.

      Please file with the court completed and approved confidential screening forms for six nominees (three members and three alternates).

      If you have any questions, please contact the undersigned at _____.

      DATED: _____      CLERK OF COURT

                            By: _____
                                 Deputy Clerk

Enclosure:    [ ] Confidential Screening Form
              [ ] Complaint
              [ ] Answer(s)
              [ ] Statements of Specialty (if any filed)

This is to certify that on _____ a
copy of this Request was sent, with enclosures
to the appropriate professional association:
and
(without enclosures) to the attorneys/parties of record:

_____
Deputy Clerk



IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACLYN CABALES and JONATHAN CABALES,<br><br>               Plaintiffs,<br>v.<br><br>ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C.,<br><br>               Defendants. | CONFIDENTIAL SCREENING (Not for Public View)<br><br>To: Professional Association<br><br><br><br><br><br>Case No.: 4BE-13-00082 CIV |

Any attorney(s) of record, including law firm(s):

    Myron Angstman, Attorney for Jacklyn Cabales and Jonathan Cabales
    Michael J. Hanson, Attorney for Defendant Christopher F. Twiford, D.C.


This case is assigned to Judge:＿＿＿Dwayne W. McConnell＿＿＿＿＿

---

### EXPLANATION AND INSTRUCTIONS

Civil actions filed with the court claiming medical negligence against health care provider defendants are governed by Alaska Statute 09.55.536. You have been contacted by your professional association because you are a doctor practicing in a specialty similar to the defendant(s) named in the above-captioned medical malpractice action. The court has requested that your professional association provide six nominees (three primaries and three alternates) to serve on the statutory expert advisory panel, to review this case and file a report regarding the claims of the medical negligence. By completing the following statement, you are giving your professional association better idea of whether or not you are an appropriate nominee to serve on tan expert advisory panel in this case. Your professional association will forward this document to the court. If you are nominated, where it shall be kept confidential and not for public view. IF YOU HAVE ANY QUESTIONS REGARDING THE STATUTORY PROCEDURE OR HOW IT WORKS, PLEASE CONTACT YOUR PROFESSIONAL ASSOCIATION.

---

### CONFIDENTIAL STATEMENT

1.   I have read and familiarized myself with the complaint filed in this case, as well as the names of the plaintiff(s), defendant(s) any attorney(s) of record (including law firms), and the judge assigned to the case.

TRUE   FALSE
☐     ☐  Comment:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Exhibit I
12 of 32

In response to the questions 2-5, to the best of my knowledge I have never…

TRUE FALSE

☐ ☐     2.    ...discussed this case with anyone.

COMMENT: _____

☐ ☐     3.    ...had a doctor-patient relationship with the plaintiff(s), defendant{s),attorneys of record or other attorneys employed by their law firms, or the judge.

COMMENT: _____

☐ ☐     4.    ...had a business relationship with    the plaintiff(s), defendant(s),attorneys of record or other attorneys employed by their law firms, or the judge.

COMMENT: _____

☐ ☐     5.    ...been sued by the plaintiff(s), defendant(s), attorneys of record or other attorneys employed by their law firms, or the judge.

COMMENT: _____

☐ ☐     6.    I do not maintain strongly-held views which would make it difficult for me to present an unbiased expert opinion on an issue in this case. (This includes views regarding the plaintiff(s), defendant(s), attorneys of record or their law firms, the judge, the expert panel review process or the attendant insurance problems, etc.) ·

COMMENT: _____

☐  ☐    7.  There may be reasons sufficient to warrant my excusal from service on an expert advisory panel In this case.

　　　　　EXPLANATION: _____

☐  ☐    8.  I will be ready, willing, and able to  serve upon appointment. (See questions #9 regarding leaves of absence.)

　　　　　COMMENT: _____

Confidential Screening continued

☐  ☐    9.  I am completing the following to show any scheduled leaves of absence during the next  nine (9) months. I am including the reasons for this leave, i.e. vacations, holidays, conventions. Although this leave may not be sufficient to excuse me from service on this panel, I am asking the court to consider this scheduled leave, should be appointed to serve on a panel in this case.

| Dates of Absence | Reasons for Absence |
|---|---|
|  |  |
|  |  |
|  |  |

10. My professional specialty is:_____

_____        _____
Dated                          Signature of Professional

　　　　　　　　　　　　　       _____
　　　　　　　　　　　　　       Printed or Typed Name

　　　　　　　　　　　　　       _____
　　　　　　　　　　　　　       Mailing Address

　　　　　　　　　　　　　       _____
　　　　　　　　　　　　　       Telephone Number

This form accompanies others forwarded to the court, because this professional has been selected to serve as a nominee in this case. The status of this professional's nomination is:

Primary
[]                  Dated              Signature

Alternate
[]                                     Professional Association

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACLYN CABALES and JONATHAN CABALES, | NOTICE OF NOMINATIONS TO EXPERT ADVISORY PANEL |
| Plaintiffs, | TO: ATTORNEYS/PARTIES OF RECORD |
| v. | |
| ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C., | |
| Defendants. | Case No.: 4BE-13-00082 CIV |

YOU ARE HEREBY NOTIFIED of those nominated to serve on an Expert Advisory Panel in the above-captioned action, pursuant to A.S. 09.55.536. See copy of a list of nominees and/or any other pertinent documents, attached.

You have TEN (10) DAYS from the service of this Notice to file a MOTION for disqualification of nominee(s) for cause. Your motion must cite reasons why you believe the professional(s) should be disqualified. Upon the filing of any motion, the clerk will serve a copy on the office of the professional association. The association will also have an opportunity to respond to the motion in the time period set out below.

Any motion for disqualification will be considered ripe for decision FIVE (5) DAYS after service on all parties and the professional association, unless the court orders this time extended for good cause shown. No reply will be permitted.

Upon the determination of any motion for disqualification, the court will indicate if a request for additional nominees will be necessary.

DATED:_____.

_____
Judge of Superior Court

This is to certify that on
_____ a copy of this Notice was
mailed to the attorneys/parties of record:
and without enclosures
to professional association:

_____
Deputy Clerk

Exhibit I
16 of 32

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACLYN CABALES and JONATHAN CABALES,<br><div align="center">Plaintiffs,</div><br>v.<br><br>ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C.,<br><br><div align="center">Defendants.</div> | ORDER FOR EXCHANGE OF DOCUMENTS AND FILING OF LISTS AND NOTICES<br><br>TO: Attorneys/Parties of Record<br><br><br><br><br>Case No.:  4BE-13-00082 CIV |

YOU ARE HEREBY ORDERED within THIRTY (30) DAYS from the service of the court's NOTICE OF NOMINATIONS TO EXPERT PANEL, attached hereto, to serve ONE (1) LEGIBLE COPY of all discoverable medical records in your possession, custody or control, on each of the other parties.

Original exhibits which are impractical or impossible to copy must be made available to the other parties.  Please serve a "NOTICE", indicating the availability and location of all original exhibits that are impractical or impossible to reproduce and/or serve.

Medical reports of consultants retained by a party for the advancement or defense of the case and medical literature must also be served on other parties, if such literature or reports are to be submitted to the panel.  If the plaintiff serves the defendant with consultant reports, the plaintiff shall immediately file proof of service of that report.  The defendant shall have THIRTY (30) DAYS from service of the plaintiff's report to serve a report by defendant's consultant.  Proof of service of defendant's report shall be promptly filed with the court.

Upon the completion of the exchange, and within TEN (10) DAYS from service of documents and any NOTICE, THE PARTIES ARE HEREBY ORDERED to file with the court a "LIST" of all documents designated for review by the expert panel, including any NOTICE of original exhibits, which is to be made available to panel members. Proof of service of the LIST and NOTICE is to be promptly filed with the court.

DO NOT SERVE ANY DOCUMENTS ON ANY PANEL MEMBER, UNTIL THE COURT ORDERS YOU TO DO SO.

DATED: _____

_____
Judge of Superior Court

This is to certify that on
a copy of this Order was
mailed to the attorneys/parties of record:

_____
Deputy Clerk

Exhibit I
17 of 32

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACLYN CABALES and JONATHAN CABALES, <br> Plaintiffs, <br> v. <br><br> ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C., <br><br> Defendants. | NOTICE TO PANEL MEMBERS AND ALTERNATIVES <br><br> RE:  Your Appointment to Panel <br><br><br><br><br> Case No.:  4BE-13-00082 CIV |

You have been appointed to serve on an expert advisory panel in the above-captioned action.  Your order of appointment is enclosed.  Please read the appointment order carefully.  It will answer many of your questions.  If you are not familiar with the purpose and function of an expert advisory panel, please contact your professional association.

Also enclosed are copies of the complaint, answer(s) and any orders or notices to the panel that the court believes are appropriate.  You will also find copies of the pertinent Statutes and Rules of Court.  In the near future, panel members will receive copies of the medical records, etc., which the parties have agreed to forward for the panel's review.  If you receive medical records from only one party, it may be because they are cooperating to avoid duplicity.  (Panel alternates will <u>not</u> receive any medical records until such time as it may be necessary for the alternates to serve as panel members.)

If, for any reason, you must communicate with the court, please do so **IN WRITING, including the case name and number on all correspondence.**  Direct your written communications to:

> Civil Division
> Alaska Court System
> 435 S. Denali Street
> Palmer, AK 99654

YOUR REPORT(S) MUST BE FILED WITH THE COURT AT THE ABOVE ADDRESS ON OR BEFORE: _____

Dated: _____          _____
                                CLERK OF THE COURT
                                By Deputy Clerk

This is to certify that on _____
I mailed a copy of this Notice to each panel member
and alternate, as a cover letter to the appointment order,
and to the attorneys/parties of record:

and to the professional association:

**Exhibit I**
**18 of 32**

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACLYN CABALES and JONATHAN CABALES, | ORDER OF APPOINTMENT OF EXPERT ADVISORY PANEL |
| Plaintiffs, | To: Panel Members/Alternates |
| v. | |
| ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C., | |
| Defendants. | Case No.: 4BE-13-00082 CIV |

The following professionals are appointed to serve on an Expert Advisory Panel in the above-captioned action. In the event any of you are unable to serve, the named alternates are hereby appointed to serve in your place. Each of you are directed to immediately notify the court in writing if it will be necessary for an alternate to serve on the panel. You are further directed to make available to that alternate each and every medical record or document in your possession related to this case.

<u>Panel Members</u>                                Alternates

_____ is ordered to act as chairperson, unless the members agree to a different chairperson. Should another chairperson be agreed to, the court must be advised of this change <u>in writing.</u>

## REVIEW BY EXPERT PANEL

During your service on this panel you will act in accordance with Alaska statute 09.55.536 and Civil Rule 72.1. Copies of the statute and rule are enclosed. If you have questions regarding your responsibilities, you should direct them to your professional association.

Copies of the Complaint and Answer(s) are enclosed. You will also receive copies of medical records from the parties (Alternates will not receive these records unless and until it is necessary for them to serve as a member of the panel.) The court has ordered that the parties forward these documents to you in the near future. A copy of the order is enclosed.

YOU MUST RETAIN ALL OF THE MEDICAL RECORDS UNTIL THE COURT NOTIFIES YOU THAT THE CASE HAS BEEN CLOSED.

## PREPARATION OF REPORT

As panel members, it is your responsibility to review the case of each health care provider defendant individually. You must prepare a separate report for each health care provider defendant. A report form is enclosed for your convenience.

All three panel members must sign each report, unless dissenting reports are filed by individual panel members.

YOUR REPORT IS DUE TO BE FILED WITH THE COURT ON:

_____

MAIL OR DELIVER YOUR REPORT TO:

The Alaska Court System
435 S. Denali Street
Palmer, Alaska 99654

To the attention of Legal Technician:

## EXTENSIONS OF TIME

If you require an extension of time for the review of this case, you must make your request in writing, setting out the reasons for the extension and the date when you anticipate you will be able to file your report. Upon receipt of your request, the court will issue an appropriate order.

Exhibit I
20 of 32

## INTERVIEWS AND EXAMINATIONS

In preparation of your report you may interview the parties to the case, or examine the party claiming medical injury. To arrange for an interview or examination, you may contact the party (through their attorney if they are represented by counsel). The purpose of your communication should be to arrange the interview/examination, only.

If you interview any person, you must maintain a recording (written or cassette tape). RECORDINGS OF INTERVIEWS MUST BE FILED WITH YOUR REPORT.

The person being interviewed/examined by the panel may have their attorney present; however, no other person may accompany the party. If the party's attorney is present, so may the opposing party's attorney be present. An attorney appearing at an interview may not question his client, any panel member, or any other person appearing before the panel. A LIST OF ALL PERSONS INTERVIEWED MUST BE FILED WITH YOUR REPORT.

## ADDITIONAL DOCUMENTS AND EXHIBITS

You may have received notice of original exhibits that were not served on you but are available for your review. You may also determine that there are other medical records not served on you, which are necessary for the preparation of your report.

To arrange for viewing original exhibits, or to request additional medical records necessary for the preparation of your report, you may contact the party (through their attorney if they are represented by counsel). The purpose of your communication should be to arrange for viewing exhibits or request additional medical records, only.

A LIST OF ALL TREATISES, MEDICAL LITERATURE AND ORIGINAL EXHIBITS VIEWED MUST BE FILED WITH YOUR REPORT.

## COURT ASSISTANCE

If you are unsuccessful in arranging for interviews/ examinations or obtaining documents necessary for the preparation of your report, you may request court assistance. Upon receipt of your request, in writing, specifying what is required, the court will issue an appropriate order.

**Exhibit I**
**21 of 32**

## COURT REIMBURSEMENT FOR SERVICE ON EXPERT PANEL

You will be compensated for your service on this expert panel in accordance with Administrative Rule 8.1, a copy of which is enclosed. You must request reimbursement, in writing, within thirty (30) days after you submit your report. A form for reimbursement is enclosed.

## YOUR APPEARANCE AS AN EXPERT WITNESS

The court will not reimburse you for your appearance as an expert witness. (Court reimbursement is for your service on the panel up to the filing of the report, only.)

The party serving you with a subpoena for your appearance at deposition or trial is responsible for paying you an expert witness fee.

DATED this _____ day of _____ 20__, at Anchorage, Alaska.

_____
Judge of Superior Court

Enclosures:    Alaska Statute 09.55.536
               Civil Rule 72.1
               Administrative Rule 8.1
               Complaint/Answer(s)
               Order (parties to serve documents on panel}
               Report form
               Reimbursement form


I certify that on_____a copy
of the foregoing was sent (with
enclosures) to panel members and
alternates set out herein by certified
return receipt mail; and (without
enclosures) to the parties/attorneys
of record:

and the professional association:


_____
Deputy Clerk

# REPORT BY THE EXPERT ADVISORY PANEL

**CASE NAME:** Cabales v. Morgan, Arctic Chiro, and Twiford

**CASE NUMBER:** 4BE-13-00082 CIV

**REPORT ON DEFENDANT:**

The expert advisory panel in the above-referenced case, being duly appointed, has reviewed all the medical records and exhibits provided by the parties and makes the following report on the above-named defendant, pursuant to Alaska Statute 09.55.536.

QUESTION:     Why did the claimant seek medical care?

ANSWER:

QUESTION:     Was a correct diagnosis made?

ANSWER:

REPORT, Page two
CASE NUMBER:    4BE-13-00082
CIV DEFENDANT:

QUESTION:    Was the treatment or lack of treatment appropriate?
             If not, what was inappropriate about the treatment
             or lack of treatment?

ANSWER:

QUESTION:    Was the claimant injured during the course of
             evaluation or treatment or by failure to diagnose or
             treat?

ANSWER:

REPORT, Page three
CASE NUMBER:    4BE-13-00082
CIV DEFENDANT:


QUESTION:        If the answer to question 4 is "yes", what is the
                 nature and extent of the medical injury?

ANSWER:


QUESTION:        What specifically caused the medical injury?

ANSWER:

REPORT, Page four
CASE NUMBER: 4BE-13-00082 CIV
DEFENDANT:


QUESTION:     Was the medical injury caused by unskillful care?
              Explain.

ANSWER:




QUESTION:     If a medical injury had not occurred, what would
              have been the likely outcome of the medical case?

ANSWER:




DATED: _____


_____    _____    _____
Panel Member        Panel Member        Panel Member

ALL PANEL MEMBERS MUST SIGN THIS REPORT, UNLESS THE OTHER PANEL
MEMBER(S) WILL BE FILING DISSENTING REPORT(S).

**COMPLETION OF ATTACHMENT "A" IS MANDATORY.**

CASE NUMBER: 4BE-13-00082 CIV
DEFENDANT:

## ATTACHMENT "A"

### PERSONS INTERVIEWED BY EXPERT PANEL

**REMINDER: YOU MUST MAINTAIN A RECORDING OF ANY TESTIMONY OR ORAL STATEMENTS OF WITNESS(ES) AND YOU MUST FILE COPIES OF ALL TAPES OR WRITTEN STATEMENTS WITH YOUR REPORT.**

1.

2.

3.

4.

5.

### ALL TREATISES OR MEDICAL LITERATURE REFERENCED BY THE EXPERT ADVISORY PANEL

1.

2.

3.

4.

5.

REPORT, Page six
CASE NUMBER:   4BE-13-00082 CIV
DEFENDANT:

ALL EXHIBITS EXAMINED BY PANEL THAT ARE NOT
REPRODUCIBLE ON PAPER, SUCH AS X-RAYS,
SLIDES, MODELS, ETC.

1.

2.

3.

4.

5.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACLYN CABALES and JONATHAN CABALES,<br><br>               Plaintiffs,<br><br>v.<br><br>ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C.,<br><br>               Defendants. | STATEMENT FOR REIMBURSEMENT OF EXPERT ADVISORY PANEL MEMBER To be submitted within 30 days of submitting your report(s).<br><br><br><br><br><br>Case No.: 4BE-13-00082 CIV |

(Please print clearly)

_____
Name of Panel Member

SS#_____or

IRS#_____

_____
Street/P.O. Box Number

_____
City/State/Zip Code

INSTRUCTIONS TO PANEL MEMBER REQUESTING REIMBURSEMENT:

     You will be compensated for your services, in accordance with Alaska statute 09.55.536 and Alaska Rules of Court Administrative Rule 8.1, up to and including submission of your report(s). You will not be reimbursed for your appearance as an expert witness. The party serving you with a subpoena for your appearance at trial or deposition is responsible for paying your expert witness fee.

     You will be reimbursed for your time spent preparing the report(s) at the rate of $18 per hour, not to exceed $90 per day. Panel members will also be reimbursed for reasonable transportation expenses for travel outside the panel member's city of residence, so long as the travel is necessary for the preparation of the report(s). If a panel member's reasonable and actual expenses (other than transportation expenses) exceed the hourly rate, the panel member will be compensated for these expenses in lieu of the hourly compensation. You will not be compensated by the court for your professional fees.

THE FOLLOWING IS SUBMITTED WITHIN 30 DAYS OF SUBMITTING REPORT(S):

DATE:      NATURE OF TIME SPENT/TRANSPORTATION COSTS:     HOURS:

_____    _____    _____

| DATE: | DESCRIPTION OF EXPENSES SUBMITTED in lieu of reimbursement at the hourly rate: | COSTS INCURRED: |
|-------|----------------------------------------------------------------------------------|-----------------|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

[ ] CHECK THIS BOX, IF SUBMITTING ATTACHMENTS TO THIS FORM.

DATED: _____

_____
Signature of Panel Member

### ORDER

The foregoing Statement for Reimbursement of Expert Advisory Panel member is:

[ ] disapproved.

[ ] approved for payment by Administrative Accounting.

DATED: _____

_____
Superior Court Judge or A.C.A.

I certify that on_____a copy of this signed order was sent to the submitting panel member, and if approved the original was routed to Administrative Accounting and a copy held in the court file.

_____
Deputy Clerk

-2-

Exhibit I
30 of 32

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACLYN CABALES and JONATHAN CABALES, <br><br> Plaintiffs, <br> v. <br><br> ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C., <br><br> Defendants. | ORDER DIRECTING PARTIES TO SERVE PANEL WITH COPIES OF MEDICAL RECORDS, REPORTS, LITERATURE AND NOTICES <br><br> TO: ATTORNEYS/PARTIES OF RECORD <br><br> Case No.: 4BE-13-00082 CIV |

You have previously exchanged documents and filed with the court a LIST of documents and NOTICES of available original exhibits designated for review by the expert advisory panel.

YOU ARE HEREBY ORDERED to serve EACH PANEL MEMBER (do NOT serve alternates) with ONE (1) LEGIBLE COPY of the medical records, medical reports, or literature set out on the LIST filed with the court, and any NOTICE of original exhibits designated for review by the expert advisory panel.

Please clearly mark each document with the case name and number.

Service of these documents must be completed within FIVE (5) D A Y S from the service of this order. Proof of service of these documents on panel members shall be promptly filed with the court.

DATED this _____ day of _____, 20__.


_____
Judge of Superior Court


This is to certify that on _____ a copy of this order was mailed to Panel members/alternates:

and attorneys/parties of record:
and professional association:


_____
Deputy Clerk

Exhibit I
31 of 32

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| JACLYN CABALES and JONATHAN CABALES, | NOTICE OF FILING OF EXPERT ADVISORY PANEL REPORT(S) |
| Plaintiffs, | To: Attorneys/Parties |
| v. | |
| ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C., | |
| Defendants. | Case No.: 4BE-13-00082 CIV |

You are hereby notified that the Expert Advisory Panel has filed its Report(s) in the above-captioned action, pursuant to A.S. 09.55.536. A copy of the panel's Report(s) are enclosed with this notice.

Any cassette tape(s) or written statement(s) submitted by the panel with the Report(s) will be held in the court file for your review upon request.

This medical malpractice action will no longer be held separate from the other civil case files.

DATED this _____ day of _____, 20___.

CLERK OF COURT

By: _____
　　　Deputy Clerk

Enclosure(s):

　Report(s)
　Cassette tape(s) or written statement(s) submitted

This is to certify that on_____a
copy of this Notice with enclosures was
sent to the attorneys/parties of record:

and professional association:

_____
Deputy Clerk