# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| JACLYN CABALES and JONATHAN CABALES, | |
| Plaintiffs, | 3:14-CV-00161-JWS |
| vs. | ORDER AND OPINION |
| ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C., | [Re: Motion at docket 38] |
| Defendants, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Third-Party Defendant. | |

## I. MOTION PRESENTED

At docket 38, Plaintiffs Jaclyn Cabales ("Cabales") and Jonathan Cabales (collectively "Plaintiffs") request that the court stay the equitable allocation claims and abstain from exercising jurisdiction until Plaintiffs' state law claims are resolved. Defendant Arctic Chiropractic Bethel ("Arctic") opposes at docket 49. Defendant Christopher Twiford, D.C. ("Twiford") opposes at docket 51. Plaintiffs reply at docket 57. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

In March of 2013, Plaintiffs filed a complaint in state court against Arctic, Albert Morgan ("Morgan"), and Twiford for medical malpractice. The complaint alleges that in April of 2011, Morgan, a chiropractor at Arctic, damaged Cabales's right vertebral artery during a chiropractic neck manipulation. It alleges that based on her sudden onset of symptoms after the neck manipulation and based on Morgan's concern that she may have suffered an aneurysm, Cabales was taken to Yukon Kuskokwim Health Corporation ("YKHC") Emergency Room. The complaint alleges that Morgan failed to inform the doctors at YKHC about Cabales's recent neck manipulation, and thus the doctors diagnosed her with the flu and sent her home. Cabales returned to YKHC two days later, and the doctors then realized the seriousness of her condition and arranged to medavac her to Anchorage. During the departure preparation or during transport, Cabales suffered a seizure. The complaint alleges that Cabales's seizure and the damages stemming therefrom were the result of the negligent chiropractic care she received at Arctic.

In January of 2014, Arctic filed a third-party complaint against YKHC in state court. The third-party complaint asserts a claim for "Apportionment of Damages" against YKHC under AS 09.17.080, alleging that the YKHC doctors' misdiagnosis, and the subsequent treatment delay, caused Cabales's seizure and thus at least some of the fault should be allocated to YKHC. YKHC is deemed to be part of the Indian Health Service, and thus any medical malpractice actions against YKHC are deemed to be actions against the United States under the Federal Tort Claims Act ("FTCA").[1] In June of 2014 YKHC removed the action to this court. The United States was then substituted as the third-party defendant.[2]

---

[1] See doc. 7.

[2] Doc. 8.

The United States moved to dismiss any claims for damages or monetary recovery against the United States due to Plaintiffs' failure to file a timely claim under 28 U.S.C. § 2401(b). The United States argued that "while [Arctic] may be entitled to seek apportionment of fault to the United States under AS 09.17.080, Plaintiffs are time-barred from obtaining any monetary award or judgment against the United States."[3] The United States relied on a District of Alaska case, *Stingley v. Raskey*.[4] The court granted the motion during the oral argument heard on December 8, 2014. Defendant Twiford also filed a motion for leave to file a third-party complaint against the United States for apportionment of fault under AS 09.17.080, and the court granted the motion.[5]

### III. DISCUSSION

Presumably, the underlying goal of Plaintiffs in filing the motion at issue is to have their initial complaint litigated in state court against only the named defendants. Given the arguments in their briefing, it seems Plaintiffs are not entirely sure what procedural mechanism should be used to do so, but they put forth a variety of arguments as to why the case should not stay in federal court. Based on the title of the motion, Plaintiffs appear to request that the court order the severance of this lawsuit into two parts—a lawsuit to determine whether the original defendants are liable to Plaintiffs for damages and a lawsuit to allocate fault—and then remand the first part to state court and stay the second part in federal court until the state court renders a decision as to the named defendants. However, based on a close reading of the memorandum in support of their motion, Plaintiffs seem to request that the court abstain from exercising its jurisdiction over the entire matter—that is, they argue that the court should refrain from litigating the third-party apportionment claim altogether

---

[3]Doc. 45 at p. 2.

[4]Case No. A95-CV-0242(HRH), 1995 WL 696591 (D. Alaska Nov. 20, 1995).

[5]Doc. 53.

based on the argument that apportionment is based in equity. Plaintiffs' reply brief also seems to suggest that a remand of the entire case or a dismissal of the United States is warranted. Many of the arguments Plaintiffs rely upon to support their assertion that the case should not be in federal court have already been considered and rejected by the court in relation to Twiford's motion for leave to file a third-party complaint and the United States's motion to dismiss claims for monetary damages. The court will nonetheless address each argument in turn.

Plaintiffs argue in their memorandum that the court has the power to abstain from exercising its jurisdiction in this matter in favor of the state's jurisdiction because the court is in effect "sitting in equity" when addressing claims for apportionment.[6] Plaintiffs rely on the fact that a claim brought pursuant to the apportionment of fault statute, AS 09.17.080, is referred to as "equitable apportionment." Plaintiffs argument is unpersuasive for the reasons set forth by Arctic and Twiford in their response briefs.[7] The court is not sitting in equity despite the application of the "equitable apportionment" statute, which is simply the mechanism used to spread damages among the responsible parties. The action is clearly one at law. Plaintiffs provide no other basis for abstention.

Plaintiffs assert that the court should at least abstain from exercising its jurisdiction over the underlying tort claims against the named defendants so that they can be resolved in state court. They argue that severance of the lawsuit for such purposes is appropriate because apportionment of fault claims can only accrue after a decision is made on the underlying tort claim anyway. They also argue that a separate action for apportionment is permissible under Alaska law, citing to *McLaughlin v.*

---

[6]Doc. 44 at 4.

[7]See Doc. 52 at pp. 2-3; Doc. 49 at pp. 7-8.

*Lougee*.[8] Thus, they argue, the underlying state law claim against the named defendants is necessarily a separate matter from the apportionment claim— the only part of the lawsuit involving the United States government—and should be litigated in state court.

Plaintiffs' arguments are unpersuasive. Even if apportionment is akin to traditional contribution and indemnity actions, and thus separate from the underlying tort claim, it is incorrect to say that apportionment of fault claims can only be pursued after a decision is made on the underlying tort claim. The apportionment statute clearly "allows defendants to serve third-party complaints and litigate these claims before they technically 'accrue.'"[9] Moreover, *McLaughlin*, which held that a separate common law contribution action is permissible under Alaska's apportionment scheme, does not lend support to Plaintiffs' position. That case involved the application of the 1989 tort reform initiative, where allocation of fault was limited to named third-party defendants or persons who had been released, and the court was concerned that a named defendant could bear more than his proportionate share of the loss in a situation where a non-party may be at fault.[10] The 1989 tort reform initiative has no applicability here, as the statute was later revised to allow fault allocation in certain circumstances to any "person responsible for the damages," ensuring that defendants will bear only their proportionate share of the loss.[11] Thus, the reason for the court's rejection of the one-action rule in *McLaughlin* is no longer an issue. The apportionment statute as revised at least contemplates that the fault of all parties will be determined in a single case.

---

[8] 137 P.3d 267 (Alaska 2006) (rejecting the "one-action" rule and holding that a separate, subsequent common law contribution action was permissible).

[9] *Alaska Gen. Alarm, Inc. v. Grinnell*, 1 P.3d 98, 105 (Alaska 2000) (recognizing that AS 09.17.080 allows defendants to litigate apportionment claims before they technically accrue).

[10] 137 P.3d at 273.

[11] AS 09.17.080(a)(2).

-5-

Indeed, the Ninth Circuit concluded in *Berg v. Popham*[12] that under Alaska law "[a] separate action is not a way to seek equitable apportionment."[13]

Plaintiffs also suggest in their briefing that dismissal of the United States and presumably remand of the case is warranted. Plaintiffs again argue that apportionment of fault to the United States is unfair and not allowed under the apportionment statute. Citing to *Alaska General Alarm, Inc. v. Grinnell*,[14] Plaintiffs state that fault and liability must both be apportioned in an equitable apportionment claim under state law, and because Plaintiffs cannot obtain money damages from the United States here, fault cannot be allocated to it. *Grinnell* however is inapposite to this fairly unique situation; the third-party defendant here is the United States, and Plaintiffs did not bring a direct claim against the YKHC/United States under the FTCA and are now time-barred from doing so, which raises federal sovereign immunity issues that prevent Plaintiffs from receiving damages from the United States through apportionment. The court in *Stingley* addressed such a situation. There, the plaintiffs were similarly time-barred from obtaining any judgment against the United States, but the court noted that failing to allow apportionment of fault to the United States would deprive defendants of their "state law substantive rights under AS 09.17.080."[15] Thus, the court allowed apportionment of fault to the Untied States without any resulting money damages owing to the plaintiff.[16]

Moreover, as noted by both Arctic and Twiford, it is clear that YKHC is a potentially liable party. Any claim against it is not merely abstract and hypothetical, but Plaintiffs nonetheless failed to bring such a claim in a timely manner, raising

---

[12] 412 F.3d 1122 (9th Cir. 2005).

[13] *Id.* at 1130.

[14] 1 P.3d 98 (Alaska 2000).

[15] 1995 WL 696591, at *7.

[16] *Id.*

-6-

sovereign immunity issues that now prevent Plaintiffs from recovering a judgment against the United States. Plaintiffs' decision not to include a party that was clearly potentially liable should not interfere with the Defendants' right to apportion damages to that party.[17] Moreover, as noted by Arctic and Twiford, the current version of the apportionment statute contemplates circumstances where a plaintiff will be unable to collect on a judgment against a party or other entity apportioned some of the fault: defendants are entitled to allocate fault to a party that has settled or has been released,[18] and defendants are entitled to allocate fault to a potentially liable non-party if they did not have a sufficient opportunity to join that person as a third-party defendant.[19] Thus, it does not follow that a plaintiff must be able collect on a judgment against a party responsible for the damages before that party can be allocated a portion of fault.

Plaintiffs also suggest that the court does not have subject matter jurisdiction. Plaintiffs made such arguments in relation to Twiford's motion for leave to file the third-party complaint and in response to the United States's motion to dismiss claims for damages. The court found such arguments unpersuasive. The federal government is still a third-party defendant in this tort action. The state court does not have jurisdiction over such a matter.

---

[17] As the Alaska Supreme Court recognized and affirmed in *Evans ex rel. Kutch v. State*, 56 P.3d 1046, 1062 (Alaska 2002), in its discussion of AS 09.17.080(a)(2), "it is inevitable that someone will be disadvantaged by the presence of 'empty chairs' in a multi-party tort case."

[18] AS 09.17.080(a). Plaintiffs' decision not to file a direct claim against the United States, a potentially liable party, is the functional equivalent of a release from liability, and the statute clearly allows fault to be allocated to a released party.

[19] AS 09.17.080(a)(2); *see also Evans,* 56 P.3d at 1062 (affirming that under AS 09.17.080 "plaintiffs are prejudiced because they risk getting less than their fair share of compensation"); *Dietzmann v. United States*, 2010 WL 682528 (D. Alaska 2010).

## IV. CONCLUSION

Based on the preceding discussion, Plaintiffs' motion at docket 38 is DENIED.

DATED this 6th day of March 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE