Myron Angstman, ABA No. 7410057
Angstman Law Office
P.O. Box 585
Bethel, AK 99559
Telephone: (907) 543-2972
Facsimile: (907) 543-3394
Email: myron@angstmanlawoffice.com

John Cashion, ABA No. 9806025
Cashion & Gilmore, LLC
1007 W. 3rd Avenue, Suite 301
Anchorage, AK 99501
Telephone: (907) 222-7936
Facsimile: (907) 222-7938
Email: john@cashiongilmore.com

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACLYN CABALES AND JONATHAN CABALES, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:14-cv-00161-JWS |
| | ) |
| ALBERT E. MORGAN, D.C., ARCTIC CHIROPRACTIC BETHEL, LLC, and CHRISTOPHER F. TWIFORD, D.C. | ) ) ) |
| | ) |
| Defendants, | ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Third-Party Defendant. | ) ) |

## PLAINTIFFS' THIRD AMENDED COMPLAINT[1]

---

[1] Plaintiffs label this the third amended complaint to distinguish it from the proposed second amended complaint that was the subject of the Court's order at Docket 100. The intent of the

*Plaintiffs' Third Amended Complaint*
Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. ., Case No. 3:14-cv-00161-JWS

1

Plaintiffs Jaclyn Cabales and Jonathan Cabales, by and through their attorneys, Angstman Law Office, hereby allege and state as follows:

## THE PARTIES AND VENUE

1. Plaintiff Jaclyn Cabales is a citizen of the State of Alaska. At the time Ms. Cabales' claim arose, she resided in or around Bethel, Alaska. Ms. Cabales now resides in Anchorage, Alaska. Ms. Cabales is married to Plaintiff Jonathan Cabales.

2. Plaintiff Jonathan Cabales is a citizen of the State of Alaska. At the time Jonathan's claim arose, he resided in or around Bethel, Alaska. Jaclyn, Jonathan, and their two children now reside in Anchorage, Alaska.

3. Upon information and belief, at the time Plaintiffs' claims arose, Defendant Albert E. Morgan was a citizen of the State of Alaska and a licensed chiropractor. Upon information and belief, Albert E. Morgan, at all times relevant, was practicing at Arctic Chiropractic Bethel, LLC [hereinafter "Arctic Chiropractic"] and worked as Arctic Chiropractic's employee.

4. Upon information and belief, Defendant Arctic Chiropractic is a limited liability corporation doing business in Bethel, Alaska.

5. Upon information and belief, Defendant Christopher F. Twiford is a resident of the State of Alaska. Upon information and belief, Christopher F. Twiford is a licensed chiropractor who operates Arctic Chiropractic.

6. The venue for trial should be in Bethel where Defendants worked and where Plaintiffs' claims arose.

third amended complaint is to comply with the specific orders the Court made at Docket 100 relative to an amended complaint.

*Plaintiffs' Third Amended Complaint*
Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. ., Case No. 3:14-cv-00161-JWS

2

7.      Upon information and belief, Defendant Christopher F. Twiford supervised Albert E. Morgan and approved his use as a substitute chiropractor to provide chiropractic care at Arctic Chiropractic to Twiford's regular patients, including Jaclyn Cabales.

8.      On April 2, 2011, Defendant Albert E. Morgan and Arctic Chiropractic provided chiropractic care to Plaintiff Jaclyn Cabales.

9.      As Defendant Morgan was not a competent or reasonable replacement for Twiford during Twiford's vacation, in part, because he was uninsured as a chiropractor, with no malpractice insurance to cover his errors and omissions. Upon information and belief, Arctic Chiropractic did not arrange for Morgan to be added to Arctic Chiropractics' liability policy prior to Morgan being allowed to care for Arctic Chiropractic's regular patients.

10.     The chiropractic care Defendant Albert E. Morgan provided to Plaintiff Jaclyn Cabales on or about April 2011, included placing a handkerchief around Ms. Cabales' neck and using that handkerchief to force Cabales' neck into extension and traction, a manipulation that applied too much pressure against the vertebral artery in Ms. Cabales' neck. The forceful use of a handkerchief around Ms. Cabales' neck was not a standard, safe, or accepted chiropractic procedure taught by accredited chiropractic schools. The use of a handkerchief to manipulate Ms. Cabales' neck did not involve the degree of knowledge or skill or the degree of care ordinarily exercised under the circumstances by health practitioners in the field or specialty in which Morgan practiced.

11.     Morgan's manipulation of Ms. Cabales' neck using a cloth was not authorized by Arctic Chiropractic.

*Plaintiffs' Third Amended Complaint*          3
<u>Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. .</u>, Case No. 3:14-cv-00161-JWS

Case 3:14-cv-00161-JWS   Document 103   Filed 02/05/16   Page 3 of 12

12.     On April 2, 2011, during Defendant Albert E. Morgan's manipulation of Ms. Cabales' neck using a handkerchief, Morgan damaged Plaintiff's right vertebral artery.

13.     As a direct result of the damage described in paragraph 12, Plaintiff immediately vomited, felt extremely dizzy, and began to lose her vision.

14.     Defendant Morgan personally observed Plaintiff's sudden onset of symptoms described in paragraph 12, and suspected Ms. Cabales may have suffered an aneurysm.

15.      Defendant Morgan and the employees of Arctic Chiropractic did not call an ambulance for plaintiff or otherwise promptly get her to the YKHC Emergency Department, located a short distance away.

16.     Instead of getting Ms. Cabales immediate medical attention, Defendant Morgan caused plaintiff to be moved to a different examination room at Arctic Chiropractic so she was out of his way and he could continue seeing other patients in the room she had initially occupied when his manipulation caused her sudden onset of symptoms. Plaintiff remained at Arctic Chiropractic for approximately an hour and a half after Morgan injured her, while Morgan treated other patients.

17.     On April 2, 2011, plaintiff's husband, Jonathan Cabales, was told to come to Arctic Chiropractic to attend to his wife. When he arrived at Arctic Chiropractic, Jonathan suffered shock and severe distress at seeing his wife's suffering, pain, bewilderment, and fear as to what was happening to her. While she languished for an hour and a half in Arctic Chiropractic's spare room, Ms. Cabales did not regain her vision.

18.     On April 2, 2011, Defendant Twiford was immediately informed by telephone of Ms. Cabales' vomiting, dizziness, and loss of vision by an employee of Arctic Chiropractic. Twiford believed that these symptoms required Jaclyn to be immediately conveyed to

*Plaintiffs' Third Amended Complaint*                                                                     4
Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. ., Case No. 3:14-cv-00161-JWS

Case 3:14-cv-00161-JWS   Document 103   Filed 02/05/16   Page 4 of 12

the YKHC Emergency Department.  Nevertheless, no one at Arctic Chiropractic called an ambulance, immediately conveyed Jaclyn to the hospital, or immediately provided accurate and complete health care records or information to the YKHC Emergency Department concerning Jaclyn's history, her treatment that day or her sudden onset of symptoms.

19.     Plaintiff was eventually carried to a car and driven to YKHC's Emergency Department. However, despite his suspicion that Jaclyn may have suffered an aneurysm, Morgan did not alert YKHC that Jaclyn had just undergone a manipulation of her neck, describe how he had manipulated her neck, give immediate notice to her health care providers of her sudden onset of symptoms, or communicate his concern to the Emergency Department that Jaclyn may have suffered an aneurysm or a stroke at the Arctic Chiropractic office.

20.     When Jaclyn arrived at the YKHC Emergency Department, she was so sick it affected her ability to communicate and her health care providers (especially without Morgan's, or some paramedic referral and without Arctic Chiropractic's records).  YKHC's Emergency Department assumed Ms. Cabales might have the flu and sent her home.

21.     On April 4, 2011, Plaintiffs returned to the YKHC Emergency Department because Ms. Cabales' stroke symptoms persisted.  The YKHC Emergency Department doctor present on April 4, 2011, realized the seriousness of Ms. Cabales' condition and ordered that she undergo an emergency medevac to Anchorage, Alaska.

22.     Sometime during departure preparation and/or the transport process, Ms. Cabales suffered a seizure.  Because of plaintiff's condition, she was given an endotracheal intubation so her airway would not close.  By the time she arrived at ANMC in

*Plaintiffs' Third Amended Complaint*
Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. ., Case No. 3:14-cv-00161-JWS                    5

Case 3:14-cv-00161-JWS   Document 103   Filed 02/05/16   Page 5 of 12

Anchorage, her left pupil was dilated and fixed at 7 mm and her right pupil was 3 mm and sluggish.  Her breath was shallow and agonal.  She was not responsive.

23.     As a consequence of Morgan's negligent chiropractic care, including a neck manipulation which caused a 90% stenosis of Jaclyn Cabales' right vertebral artery, Ms. Cabales suffered multiple strokes in her brain.  The larger stroke was a right cerebellar stroke that, among other things, caused an obstruction of the fluid flow in her brain.

24.     On April 5, 2011 Ms. Cabales' doctors had to drill a hole in her skull and insert a drain to alleviate the pressure on plaintiff's brain from cerebrospinal fluid.

25.     On April 6, 2011, Ms. Cabales underwent medical imaging of her neck, verifying that she had suffered a focal stenosis of approximately 90 percent in the midvertebral artery. A true and correct copy of this April 6, 2011 medical imaging is attached as **<u>Exhibit A</u>**.

26.     The damage Morgan caused to Plaintiff's right vertebral artery could not be corrected with surgery or a stint, leaving Plaintiff at risk of future injury.

27.     As a result of her strokes, Plaintiff has had to undergo physical therapy and rehabilitation.  Some of the long-term effects of her strokes have included emotional distress, loss of vision, vertigo, and permanent visual distortion.

28.     Upon information and belief, Arctic Chiropractic, Defendant Twiford, and/or Defendant Morgan charge approximately 300 percent more for the same service if they can bill a portion of those charges to an insurance company rather the patient who is solely paying out of pocket.

29.     Upon information and belief, Arctic Chiropractic, Defendant Twiford, and/or Defendant Morgan charged more for the services provided to Jaclyn Cabales because she had insurance than if she had been solely paying out of her own pocket.

*Plaintiffs' Third Amended Complaint*                                                                                        6
<u>Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. .</u>, Case No. 3:14-cv-00161-JWS

Case 3:14-cv-00161-JWS   Document 103   Filed 02/05/16   Page 6 of 12

30.     Jaclyn Cabales' co-pay portion of her bill with Arctic Chiropractic has been higher because of the billing fraud engaged in by Defendants.

## COUNT I

### (Negligence--Defendant Albert E. Morgan)

31.     Plaintiffs incorporate by reference the allegations in paragraphs 1-30 of the third amended complaint.

32.     On or about April 2, 2011, Defendant Albert E. Morgan owed a duty to Plaintiffs to exercise the degree of knowledge or skill or the degree of care ordinarily exercised under the circumstances by health care providers in the field or specialty in which the defendant was practicing.

33.     Defendant Albert E. Morgan either lacked the degree of skill of knowledge or skill or failed to exercise the degree of care, as specified in paragraph 32.

34.     As a proximate result of Albert E. Morgan's lack of knowledge or skill or his failure to exercise this degree of care, the Plaintiffs suffered injuries that would not otherwise have occurred.

35.     Plaintiffs have been damaged as a result of the negligence of Albert E. Morgan, including but not limited to, medical expenses, pain, suffering, inconvenience, severe emotional distress, loss of enjoyment of life, disfigurement, physical impairment, and bodily injury, the precise amount to be proven at trial.

## COUNT II

### (Recklessness-Defendant Albert E. Morgan)

36.     Plaintiffs incorporate by reference the allegations in paragraphs 1-35 of the third amended complaint.

*Plaintiffs' Third Amended Complaint*                                                          7
Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. ., Case No. 3:14-cv-00161-JWS

Case 3:14-cv-00161-JWS   Document 103   Filed 02/05/16   Page 7 of 12

37.     On or about April 2, 2011, Defendant Albert E. Morgan owed the duty as alleged in paragraph 32, and that duty also encompassed a duty not to act recklessly as to Plaintiffs.

38.     Defendant Albert E. Morgan was reckless in his lack of knowledge, skill, or care, including but not limited to his neglect of Jaclyn following her injury, his failure to get her to the Emergency Department, and communicate and convey Jaclyn's chiropractic treatment, her records, her sudden onset of symptoms, and his diagnosis of her possible aneurism to YKHC's Emergency Department, immediately after Jaclyn's onset of symptoms.

39.     As a proximate result of Albert E. Morgan's reckless, his lack of knowledge or skill or his failure to exercise care, the Plaintiffs suffered injuries that would not otherwise have occurred.

40.     Plaintiffs have been damaged as a result of the recklessness of Albert E. Morgan, including but not limited to, medical expenses, pain, suffering, inconvenience, severe emotional distress, loss of enjoyment of life, disfigurement, physical impairment, and bodily injury, the precise amount to be proven at trial.

## COUNT III

### (Negligence—Defendant Arctic Chiropractic)

41.     Plaintiffs reallege and incorporate the allegations in paragraphs 1-40 of the third amended complaint.

42.     Defendant Arctic Chiropractic owed a duty to plaintiffs to exercise the degree of knowledge or skill or the degree of care ordinarily exercised under the circumstances by

*Plaintiffs' Third Amended Complaint*                                                                    8
Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. ., Case No. 3:14-cv-00161-JWS

Case 3:14-cv-00161-JWS   Document 103   Filed 02/05/16   Page 8 of 12

health care providers in the field or specialty in which the chiropractic office was practicing, including a duty of reasonable care in hiring Morgan.

43. Defendant Arctic Chiropractic either lacked the degree of skill of knowledge or skill or failed to exercise the degree of care, as specified in paragraph 42.

44. As a proximate result of Arctic Chiropractic's lack of knowledge or skill or its failure to exercise this degree of care, the Plaintiffs suffered injuries that would not otherwise have occurred.

45. Plaintiffs have been damaged as a result of the negligence of Arctic Chiropractic, including but not limited to, medical expenses, pain, suffering, inconvenience, severe emotional distress, loss of enjoyment of life, disfigurement, physical impairment, and bodily injury, the precise amount to be proven at trial.

## COUNT IV

### (Violation of Alaska's Unfair Trade Practices)

46. Plaintiffs incorporate by reference the allegations in paragraphs 1-45 of the third amended complaint.

47. Defendants had a duty under AS 45.50.471 et seq., to avoid engaging in unfair or deceptive acts or practices in the conduct of their trade or commerce.

48. Defendants' acts of charging higher rates for the same services depending on whether a patient was paying solely out of pocket or had insurance is an unfair or deceptive practice in the conduct of a trade or practice in violation of AS 45.50.471 et seq.

49. Plaintiffs are entitled to damages as a result of Defendants' violation of AS 45.50.471 et seq.

*Plaintiffs' Third Amended Complaint*                                                                    9
Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. ., Case No. 3:14-cv-00161-JWS

Case 3:14-cv-00161-JWS   Document 103   Filed 02/05/16   Page 9 of 12

## COUNT V

### (Lack of Informed Consent and Timely Notice that Jaclyn Cabales Was Showing Signs She Had Suffered a Stroke at the Arctic Chiropractic Office)

50.     Plaintiffs incorporate by reference the allegations in paragraphs 1-49 of the third amended complaint.

51.     Defendants had a duty to establish procedures so that Arctic Chiropractic patients were properly and timely evaluated as to whether they were at risk of suffering a stroke due to chiropractic treatments, such as neck manipulation.  Defendants had a duty to establish procedures to explain the risks associated with neck manipulation, whether the technique employed was Twiford's method during Jaclyn's "regular care," or Morgan's cloth technique.   Defendants had a duty to obtain Ms. Cabales' informed consent for the manipulation of her neck that involved the risk of artery damage and a resulting stroke or series of strokes.  Arctic Chiropractic and its agent Morgan had a duty, once Ms. Cabales had her sudden onset of symptoms described in paragraph 14, to inform Plaintiff that she could have suffered a stroke and that she needed immediate medical care to treat a suspected stroke.

52.     Defendants failed to provide enough information to Jaclyn Cabales about the material risks that the neck manipulation could damage an artery in the neck or the risk of stroke, the likelihood that the risks would occur, and the reasonable alternatives to the manipulation that was performed to allow a reasonable person in Jaclyn Cabales' position to make an informed and intelligent decision whether or not to proceed with the neck manipulation that was performed.

*Plaintiffs' Third Amended Complaint*                                                                                          10
Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. ., Case No. 3:14-cv-00161-JWS

Case 3:14-cv-00161-JWS   Document 103   Filed 02/05/16   Page 10 of 12

53.     Arctic Chiropractic and its agent Morgan failed to provide enough information to Jaclyn Cabales or Jonathan Cabales after her sudden onset of symptoms so that Plaintiffs understood that Jaclyn was showing signs of having damaged her vertebral artery, had suffered a stroke, or was at risk of suffering a series of strokes, so that Plaintiffs were properly informed of the extent of the emergency and the need to be treated for a stroke.

54.     Defendants never obtained informed consent from Plaintiff.  No signed consent form exists in any of the Arctic Chiropractic records.

55.     Jaclyn Cabales would have decided against the neck manipulation if she had been provided with the information described in paragraph 52.

56.     The neck manipulation performed by Morgan was a legal cause of the harm to Jaclyn Cabales.  The lack of sufficient and complete information about Jaclyn's condition conveyed by Arctic Chiropractic and its agent Morgan, including the likelihood and risk she had suffered a stroke at the Arctic Chiropractic office was a cause of harm to the Plaintiffs.

57.     Plaintiffs are entitled to damages because of Defendants' failure to convey material information to her, including information needed to make informed choices concerning her treatment and medical care.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant them the following relief:

1.      An award of economic and non-economic damages, the precise amount to be proven at trial;

2.      Allowable costs, attorneys' fees and interest;

3.      Damages and costs as allowed by Alaska law; and

*Plaintiffs' Third Amended Complaint*                                        11
Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. ., Case No. 3:14-cv-00161-JWS

Case 3:14-cv-00161-JWS   Document 103   Filed 02/05/16   Page 11 of 12

4.      Such other relief as this court deems just and equitable.

Dated this ___5th___ day of February 2016 in Bethel, Alaska.


                                        ANGSTMAN LAW OFFICE
                                        Attorneys for Plaintiffs

                                  By:      s/Myron Angstman___
                                          Myron Angstman
                                          Alaska Bar No. 7410057


**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing
was served electronically this ___5th___ day of February 2016 to:

Michael Hanson
mjh@chklaw.net

Dennis E. Boyle
paragers@boylelitigation.com

Gary Guarino
gary.guarino@usdoj.gov

Robert J. Campbell
caliberlawgroup@gmail.com


By: s/Myron Angstman___
        Angstman Law Office

*Plaintiffs' Third Amended Complaint*                                           12
Jaclyn Cabales, et al. v. Albert E. Morgan, D.C., et al. ., Case No. 3:14-cv-00161-JWS

Case 3:14-cv-00161-JWS   Document 103   Filed 02/05/16   Page 12 of 12